**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION**

| | |
|---|---|
| MELISSA HIRMBRUCHNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:10CV-162-M |
| vs. | ) |
| | ) |
| FREDERICK J. HANNA & | ) |
| ASSOCIATES, P.C., | ) **JURY DEMAND ENDORSED HEREON** |
| | ) |
| Defendant. | ) |

### COMPLAINT

NOW COMES the Plaintiff, MELISSA HIRMBRUCHNER, by and through her attorney, KYLE R. SALYER, and for her Complaint against the Defendant, FREDERICK J. HANNA & ASSOCIATES, P.C., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1.   This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2.   Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3.   Plaintiff is an individual who was at all relevant times residing in Campbellsville, Kentucky.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a professional corporation of the State of Georgia, which is not licensed to do business in Kentucky and which has its principal place of business in Marietta, Georgia.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. Beginning in November of 2009, Defendant's representatives and/or employees began contacting Plaintiff by telephone in attempts to collect the aforementioned alleged debt.

8. During the course of these telephone calls, on at least two occasions, Defendant's representatives and/or employees, including, but not limited to Crystal (last name unknown), Leslie (last name unknown), threatened to file a lawsuit against Plaintiff if payment was not made of the alleged debt, thus implying that they were attorneys licensed to practice law in the State of Kentucky and/or were communicating on behalf of attorneys who were licensed to practice law in the Kentucky.

9. In fact, Crystal and/or Leslie specified that the lawsuit would be filed against Plaintiff on January 15, 2010 if payment was not made of the alleged debt, but that did not ultimately happen.

10. Upon information and belief, neither Crystal nor Leslie, nor any other employees of Defendant, are attorneys licensed to practice law in Kentucky and therefore were not capable of initiating legal proceedings against Plaintiff at the times the threats were made.

11. Further, on two other occasions, Plaintiff spoke with a male employee or representative of Defendant (name unknown), who stated to Plaintiff that a lawsuit would not be filed against her.

12. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Falsely representing or implying that Defendant's employee was an attorney licensed to practice law in Kentucky or was communicating on behalf of such an attorney, in violation of 15 U.S.C. § 1692e(3);

    b. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5); and

    c. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

13. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MELISSA HIRMBRUCHNER, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $1,000.00 for each violation of the FDCPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ Kyle R. Salyer
Kyle R. Salyer (91435)
Attorney for Plaintiff
P.O. Box 2213
Paintsville, KY 41240
(888) 493-0770, ext. 307 (phone)
(866) 551-7791 (facsimile)
Kyle@LuxenburgLevin.com